IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD C. HUGLER, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> MEZCAL, INC., a corporation, d/b/a MEZCAL MEXICAN RESTAURANT & BAR; CARLOS ULLOA, individually, and as owner and corporate officer of the aforementioned corporation, <br><br> Defendants. | Civil Action No. 1:17-cv-931 |

**COMPLAINT**

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin MEZCAL, INC., a corporation, d/b/a MEZCAL MEXICAN RESTAURANT & BAR., a corporation, d/b/a CARLOS ULLOA, individually, and as a manager, owner, and corporate officer of the aforementioned corporation (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant MEZCAL, INC. d/b/a MEZCAL MEXICAN RESTAURANT & BAR, is a corporation duly organized under the laws of Maryland, with a registered office at 9958

Reisterstown Road, Owings Mills, Maryland, 21117. Defendant is engaged in a full-service restaurant business at the same address, within the jurisdiction of this court.

3. Defendant Carlos Ulloa is the president and owner of the corporation identified in Paragraph II, and has an office and a place of business at 9958 Reisterstown Road, Owings Mills, Maryland, 21117. Mr. Ulloa has directed employment practices and has directly or indirectly acted in the interest of Mezcal Mexican Restaurant & Bar (hereinafter "Mezcal") in relation to its employees at all times relevant herein, including setting employees' conditions of employment, including schedules and the rates and methods of compensation. Mr. Ulloa also oversees and directs the operation of the tip pool, including setting the percentage employees are required to deduct from credit card tips and give to Mezcal.

4. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Mezcal are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

6. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce and compensating these employees at rates less than the applicable statutory

minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

For example, during the time period from at least December 16, 2013, through at least February 19, 2016, Defendants improperly required tipped employees, including bartenders and servers, to participate in an invalid tip pool that included participants who do not customarily and regularly receive tips, specifically kitchen staff and hostesses. During the time period from at least December 16, 2013, through at least February 19, 2016, Defendants improperly required employees in the tip pool to turn over 4% of their credit card tips to Defendants and failed to distribute any of the money in the tip pool to tipped employees. Defendants also paid certain employees a fixed amount for all hours worked that fell below the applicable minimum wage.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example, during the time period from at least December 16, 2013, through at least February 19, 2016, Defendants failed to compensate their employees, including servers, bussers, and cooks, who worked over 40 hours in a workweek one and one-half times their regular rate. Workweeks for many of these employees ranged from approximately 40 to approximately 67 hours, but these employees did not receive time and one-half their regular rate for their overtime hours.

8. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, Defendants failed to make, keep, and preserve records containing employees' full names, time of day and day of week on which the employees' workweek began, regular hourly rate of pay for any workweek in which overtime compensation is due, hours worked each workday, total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation, and total premium pay for overtime hours.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of December 16, 2013, through February 19, 2016, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after February 19, 2016, and may be owed to

certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3)　　In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/* Avni J. Amin
By: Avni Amin
MD ID #: 806747
Office of the Solicitor, Region III
201 12th Street South
Arlington, VA 22202-5450
(202) 693-9393 (Phone)
(202) 693-9392 (Fax)
amin.avni.j@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff

Date: April 6, 2017