IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA,<br>*Secretary of Labor, U.S. Department*<br>*of Labor* | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-17-0931 |
| MEZCAL, INC. d/b/a MEZCAL<br>MEXICAN RESTAURANT & BAR,<br>et al. | *<br>* | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff"), filed suit to enjoin Mezcal, Inc., a corporation, d/b/a Mezcal Mexican Restaurant & Bar, and Carlos Ulloa, individually, and in his capacity as manager, owner, and corporate officer of the corporation, from allegedly violating various provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"). Plaintiff also seeks back wage compensation and liquidated damages. Now pending before the Court is Defendants' Motion to Withdraw or Amend Deemed Admissions. (ECF No. 39.) Also pending before the Court is Plaintiff's Motion for Summary Judgment, which relies in part on the admissions Defendant seeks to withdraw. (ECF No. 43.) No hearing is required. *See* Local Rule 105.6 (D. Md. 2016).

For the reasons set forth below, Defendants' Motion will be granted in part and denied in part. In light of that ruling, Plaintiff's Motion for Summary Judgment will be denied without prejudice in order to allow time for Plaintiff to supplement discovery.

## I. *Background*

Plaintiff served a first set of requests for production, interrogatories, and admissions on Defendants on August 28, 2017. (Mot. to Extend at ¶ 1, ECF No. 18.) After Defendants failed to respond within the thirty-day deadline or the ensuing two months, on December 4, 2017, the Court ordered Defendants to respond, which they did on December 6, 2017. (*Id.* at ¶ 2 (referring to Order of the Court, ECF No. 17).) Plaintiff then submitted a motion seeking, *inter alia*, to confirm that the request for admissions would be deemed admitted under Federal Rule of Civil Procedure 36(a)(3), notwithstanding Defendants' late response. (*Id.* at 3.) Defendants did not file any papers in opposition, and the motion was granted on January 3, 2018. (ECF No. 20.)

Two months later, at the close of discovery, and with Defendants represented by new counsel, the parties filed a joint status report, in which Plaintiff requested additional clarification that the January 3rd order had in fact confirmed that the Requests for Admission were deemed admitted. (Am. Joint Status Rep. at 3, ECF No. 28.) Once again, and now with the benefit of new counsel, Defendants raised no objection and made no motion to withdraw or amend the deemed admissions. The Court confirmed by paperless order on March 6, 2018, that Plaintiff's December motion had been granted. (ECF No. 32.)

Three months after that, on the last day before the deadline for dispositive motions, Defendants filed the present motion seeking for the first time to withdraw or amend the admissions. (Mot. to Withdraw or Amend Admissions, ECF No. 39 ["Mot. Withdraw"].) Plaintiff subsequently filed a motion for summary judgment, relying in part on the challenged admissions. (Mem. Supp. Mot. Summ. J. at 5-6, ECF No. 43-1.) Deadlines to complete briefing on the summary judgment motion have been postponed, pending resolution of Defendants' motion. (ECF No. 50.)

## II. Legal Standard for Withdrawal or Amendment of Admissions under Rule 36(b)

Under Rule 36, failure to respond to a request for admissions within 30 days of being served results in the matter being automatically deemed admitted. Fed. R. Civ. P. 36(a)(3). Once admitted, a matter is "conclusively established" unless and until the Court permits withdrawal or amendment. Fed. R. Civ. P. 36(b). Withdrawal or amendment of admissions is subject to the court's discretion, if such alteration "would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining . . . the action on the merits." *Id.* District courts have "considerable discretion over withdrawal of admissions once they have been made." *Kress v. Food Emp'rs Labor Relations Ass'n*, 285 F. Supp. 2d 678, 681 (D. Md. 2003) (quoting *U.S. v. Turk*, 139 F.R.D. 615, 618 (D. Md. 1991)), *aff'd* 391 F.3d 563 (4th Cir. 2004). However, both factors—impact on the merits and prejudice—must be considered in exercising that discretion. *Bailey v. Christian Broadcasting Network*, 483 F. App'x 808, 810 (4th Cir. 2012) ("[F]ailure to consider the Rule 36(b) factors in ruling on a motion [functionally equivalent to a motion to withdraw admissions] constitutes an abuse of discretion."). The party opposing withdrawal or amendment bears the burden of demonstrating prejudice. *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001); *Pulse Med. Instruments, Inc. v. Drug Impairment Detection Servs., Inc.*, Civ. No. DKC-07-1388, 2009 WL 6898404, at *16 (D. Md. Mar. 20, 2009).

## III. Analysis

Defendants' motion focuses on four of the fifteen requests for admissions that were previously deemed admitted. (Defs. Reply in Supp. of Mot. Withdraw at 8, n.1, ECF No. 47 ["Def. Reply"] (confirming that only four admissions are at issue).) The admissions in question are:

- (No. 10) "Admit that during the relevant time period, Defendant Carlos Ulloa made decisions relating to Mezcal's policy regarding recordkeeping of hours by the employees listed in Schedule A."

- (No. 13) "Admit that during the relevant time period, Mezcal did not maintain records of the hours worked by the individuals listed in Schedule A."

- (No. 14) "Admit that you told Wage and Hour you used tip pool money for business expenses."

- (No. 15) "Admit that during the relevant time period, you never distributed tip pool money to any of the employees listed on Schedule A."

(Pl. First Request for Admissions at 2-3, Opp'n to Mot. Withdraw Ex. C, ECF No. 46-4 ["Pl. RFA"].) The Court must consider whether the withdrawal and amendment of each of the above admissions will promote the presentation of the merits of this case and, if so, whether prejudice suffered by Plaintiff in relying on them will nonetheless prevent their alteration.

Defendants argue that the motion should be granted because the admissions in question "go to the core of the Plaintiff's claims regarding overtime and minimum wage violations," and because, a trial date having not yet been set, Plaintiff cannot demonstrate a likelihood of incurable prejudice at trial through, for example, the unavailability of witnesses or evidence. (Mot. Withdraw at 4-5.) Defendants correctly describe the type of prejudice contemplated by Rule 36 as "prejudice stemming from reliance on the binding effect of the admission." 8B Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2264 (3d ed. 2010); *see also Kress*, 285 F. Supp. 2d at 681. It is not enough that "the party who obtained the admission will now have to convince the factfinder of the truth; rather, [the prejudice factor] relates to the difficulty a party may face in proving its case . . . in light of the

delay." *Sonoda*, 255 F.3d at 1039. Defendants argue that any delay, expense, or difficulty caused by withdrawal amounts only to "mere inconvenience," not the kind of prejudice contemplated by the Rule, and, therefore, the motion should be granted. (Mot. Withdraw at 7.) However, Defendants' argument misses the mark in two respects.

First, Defendants seriously minimize the significance of the delay that withdrawal at this late date will cause, arguing that, so long as withdrawal does not require rescheduling a set trial date, there is effectively "no delay." (Defs. Reply at 5; *see also id.* at 7.) The Court disagrees. Defendants had ample opportunity over a period of at least six months to raise objections to deemed admissions that went to the heart of Plaintiff's allegations. They were explicitly put on notice by two separate orders of this Court that the admissions were deemed admitted, and they remained silent, including after present counsel joined the case. Discovery has now closed, months have passed, and resources have been expended preparing for and resisting a summary judgment motion. This months-long period is hardly "no delay." Defendants' suggestion that, absent a looming trial date, no motion to withdraw or amend admissions is too untimely to be denied would effectively render Rule 36(a) deadlines mere suggestions in the majority of civil cases that do not reach trial, permitting litigants to follow Defendants' poor example in this case as a matter of strategy and without risking any serious consequences.

Second, Defendants overstate the weight of the prejudice factor, at one point even suggesting that the failure to demonstrate prejudice *alone* should be sufficient to require granting the motion. (*Id.* at 8.) Such a view transforms Rule 36(b)'s two-factor test into a single-factor test, under which all motions should be granted unless the opposing party can carry a heavy burden of showing prejudice. That is not what the Rule says. To the contrary, the Rule unambiguously places two conditions on the exercise of discretion to depart from the general

principle that matters once admitted are "conclusively established": the merits must be promoted, and the opposing party cannot face prejudice as a result. Fed. R. Civ. P. 36(b); *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 173 (4th Cir. 2005). The absence of prejudice alone is not dispositive—promotion of the merits is an independent prerequisite. *See, e.g., Kress*, 285 F. Supp. 2d at 681 (finding that denying withdrawal would "unduly hamper the [party's] ability to present its case on the merits," in addition to a lack of prejudicial reliance); *Calhoun v. Schweinsburg*, Civ. No. DKC-12-2014, 2015 WL 641759, at *4 (D. Md. Feb. 12, 2015) (permitting withdrawal of admissions "central to the resolution of this dispute"); *Pulse Medical*, Civ. No. DKC-07-1388, 2009 WL 6898404, at *17 (concluding that correcting prior admissions would serve the "truth of the matter"); *Turk*, 139 F.R.D. at 617 (allowing withdrawal of admissions that "would certainly have been dispositive of the factual issues" in the case).

The truth-finding function of the federal courts is of paramount importance, and this Court is reluctant to allow the rigid operation of procedural rules to supplant merits-based dispositions. *See United States v. Shaffler Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993) (referring to the Circuit's "strong policy that cases be decided on their merits"). "It does not further the interests of justice to automatically determine all the issues in a lawsuit . . . because a deadline is missed." *Uribe v. Aaron's, Inc.*, Civ. No. GJH-14-0022, 2014 WL 4851508, at *3 (D. Md. Sept. 26, 2014) (quoting *Hadra v. Herman Blum Consulting Eng'rs*, 74 F.R.D. 113, 114 (N.D. Tex. 1977)). Therefore, once an impact on the merits is shown, a party opposing withdrawal or amendment of admissions bears a heavy burden to show prejudice. However, where the merits will not be served by withdrawal, the interests of justice and efficiency weigh against permitting untimely alterations, even in the absence of prejudice.

With those standards in mind, the Court will now evaluate the specific admissions Defendants seek to withdraw.

### A. *Withdrawal or Amendment of Requested Admissions Nos. 10 and 14 Will Not Promote Presentation of the Merits.*

The first question is whether withdrawal or amendment of each admission will promote the presentation of the merits. Fed. R. Civ. P. 36(b). The merits are likely to be promoted "if the record demonstrates that the 'admitted' facts are contrary to the actual facts." *F.D.I.C. v. Prusia*, 18 F.3d 637, 641 (8th Cir. 1994).

In response to Plaintiff's Request No. 10, Defendants were deemed to have admitted that, during the relevant time period, Ulloa "made decisions relating to Mezcal's policy regarding recordkeeping of hours worked by" Schedule A employees. (Pl. RFA at 2.) Defendants, in their late-filed response, sought to deny that statement, replying instead that "Ulloa relied on his accountants to properly record the employees' hours and pay practices at the restaurant and believed that the pay practices at Mezcal were in accordance with all applicable laws." (Defs. Response to Pl. RFA at 3, Mot. Withdraw Ex. 1 to Ex. B, ECF No. 39-2 at 7 [RFA Resp.].) Elsewhere, Defendants describe Request No. 10 as "seek[ing] admissions from Defendants that they failed to keep records of hours worked by employees." (Mot. Withdraw at 6, n.3.)

Defendants appear to have misread Request No. 10, and their offered response seeks to deny an admission Request No. 10 did not ask them to make. Request No. 10 does not contend that Ulloa set a policy not to keep records, nor does it purport to show that policy decisions were made independently of any outside advice; it merely states that Ulloa "made decisions" about Mezcal's policies about recordkeeping. Defendants' contention that Ulloa received outside advice and that such advice led him to believe he was in compliance with the law is not inconsistent with the admission that Ulloa "made decisions" about policy.

7

Furthermore, evidence in the record indicates that Ulloa did in fact make such policy decisions. Defendants' own, uncontested responses to interrogatories repeatedly state that, "Ulloa, as owner of Mezcal, was ultimately responsible for all aspects of running the restaurant," including decisions related to hours, pay, and other general operations. (Def. Response to Interrogatories Nos. 1, 4, 15 & 16, Opp'n to Summ. J. Ex. 2 to Ex. A, ECF No. 48-3 at 3, 5, 10.) Defendants do not identify any evidence indicating that Ulloa did *not* make such decisions. (Mot. Withdraw at 6, n.3 (arguing only that Mezcal kept and produced records of employee hours); Defs. Reply at 9 (arguing only that Ulloa consulted outside advice).) As such, there is no basis to conclude that the withdrawal of this deemed admission would better promote a merits-based presentation of the case.

With respect to Request No. 14, the consistency of the deemed admission with the record is even stronger. Defendants were deemed to have admitted that "[Ulloa] told Wage and Hour [personnel from the Department of Labor that he] used tip pool money for business expenses." (Pl. RFA at 3.) In their denial, Defendants claim to have "used the tip pool money to pay those employees who were eligible to be included in the tip pool." (RFA Resp. at 4.) Again, Defendants seek to deny an admission that Request No. 14 did not ask them to make. Request No. 14 only states that Ulloa told a Wage and Hour employee that he used the tip pool for business expenses; it does not ask Defendants to admit that Ulloa did in fact use tip pool money for such expenses. Moreover, Defendants do not dispute that Ulloa made such a statement—in fact, they expressly concede it. (Defs. Reply at 10 ("Plaintiff further argues that Mr. Ulloa admitted [to using tip pool money for business expenses], when not under oath, to [the] inspector. Mr. Ulloa concedes as much, but under oath in his deposition after having the benefit of counsel, he stated otherwise.").) Permitting Defendants to withdraw the admission of a fact

8

they elsewhere affirmatively concede hardly serves a truthful presentation of the merits. At best, it would confuse the record. At worst, it would be at odds with the parties' view of the facts.

For the above-stated reasons, the Court finds that the withdrawal or amendment of the deemed admissions in response to Request No. 10 and Request No. 14 will not promote a presentation of the merits. As such, the first of Rule 36(b)'s two discretionary factors is not satisfied, and it is unnecessary to consider prejudice with respect to these two admissions.

> B. *Withdrawal and Amendment of Requested Admissions Nos. 13 and 15 Will Promote Presentation of the Merits, and Any Prejudice Plaintiff Has Suffered Can Be Mitigated By Re-Opening Discovery.*

The remaining two admissions, however, concern disputed factual issues that are central to the FLSA violations Plaintiff alleges.

Request No. 13 asked Defendants to admit that "Mezcal did not maintain records of the hours worked" by Schedule A employees. (Pl. RFA at 3.) Defendants contend that they "maintained accurate records" of hours and, furthermore, that they "produced those records to the DOL during the investigation." (RFA Resp. at 4.) Although Plaintiff points to contradictory deposition testimony in which Ulloa admits to having failed to keep records prior to the Labor investigation (Ulloa Depo. at 28-30, 34-35, Opp'n to Summ. J. Ex. 1 to Ex. A, ECF No. 48-2 at 8-9, 10), the record is, at minimum, mixed. (*See* Ulloa Decl. at ¶ 8, Mot. Withdraw Ex. A, ECF No. 39-1 at 3 (stating that records were produced); Rivas Decl. at ¶¶ 4-5, Opp'n to Summ. J. Ex. E, ECF No. 48-11 (employee statement that he regularly clocked in and out during the relevant time period); *cf.* Defs. Reply at 10 (referring to 798 pages of produced records).) Given that Defendants actively contest the factual truth of this admission, justice would be better served by allowing the parties to make their respective cases on the merits. *See Turk*, 139 F.R.D. at 616 (finding defendant's consistent and "vigorous[]" denials to support withdrawal of admissions).

Similarly, Request No. 15, which asked Defendants to admit that they "never distributed tip pool money to any" Schedule A employee (Pl. RFA at 3), is firmly denied by Defendants. Defendants contend that they "used the tip pool money to pay those employees who were eligible to be included" (RFA Resp. at 4), and they have provided corroborating declarations from current and former employees to that effect. (Employee Statements, Opp'n to Summ. J. Exs. D, E & F, ECF Nos. 48-10, 48-11, 48-12; *see also* Ulloa Depo. at 58-63, 69.)

Whether or not Defendants appropriately collected and distributed tip pool money is the crux of Plaintiff's case on alleged minimum wage violations. The Court is loath to allow the case to be determined on the basis of deemed admissions where there is an actual merits-based dispute about the facts. Only truly egregious conduct would justify such a mechanical disposition of the parties' rights. Although the Court ultimately concludes that the facts of this case do not justify such a penalty, in the Court's view, Defendants' conduct flirted with such a draconian result. Defendants could have moved to extend the time to reply and prevent automatically deemed admissions under Rule 36(b) when initially submitting their late responses to Plaintiff's requests. They could have raised objections in December, when Plaintiff first petitioned the Court to formally declare the admissions deemed admitted, or in February, upon new counsel joining the case, or in March, when the Court again confirmed the admissions by order, or in May, when it became clear that settlement negotiations would not progress to their satisfaction. Instead, they waited until the eleventh hour, on the eve of summary judgment, causing delay and disruption, and undermining the efficient and speedy resolution of this case.

Nevertheless, the Court finds that withdrawal and amendment of the deemed admission of Request Nos. 13 and 15 would promote the presentation of the merits, and that Plaintiff suffered insufficient prejudice to overcome the strong preference for a merits-based disposition.

*Shaffler Equip. Co.*, 11 F.3d at 453. Plaintiff argues that Defendants' untimely response, the associated delay, and Plaintiff's reliance on the admissions in crafting his summary judgment motion caused prejudice justifying denial of Defendants' motion in full. (Opp'n Mem. Mot. Withdraw at 5-6, ECF No. 46-1.) However, the weight of authority requires a higher level of prejudice to deny a party the opportunity to prove their case on the merits. *See, e.g., Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007) ("[R]eliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice."); *accord Raiser v. Utah Cty.*, 409 F.3d 1243, 1246 (10th Cir. 2005); *Prusia*, 18 F.3d at 640; *J & J Sports Prods., Inc. v. Mumford*, Civ. No. DKC-10-2967, 2012 WL 1409588, at *4 (D. Md. Apr. 20, 2010); *see also id.* at *3 (denying withdrawal where a party's complete non-responsiveness throughout discovery made factual development on the merits "not an option").[1]

Plaintiff has been prejudiced, however, by having made discovery decisions in reasonable reliance on orders of this Court indicating that Request Nos. 13 and 15 would be deemed admitted. (*See* Opp'n Mem. Mot. Withdraw at 4 (noting "reli[ance] on the admissions in crafting [Plaintiff's] discovery strategy").) *J&J Sports* No. DKC-10-2967, 2012 WL 1409588, at *4 (finding prejudice "where a party reasonably forgoes pursuing discovery by relying upon default admissions"). Because discovery has now closed, Plaintiff may face "special difficulties . . . caused by a sudden need to obtain evidence" of the facts previously deemed admitted. *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

---

[1] Defendants also point out that the primary authority Plaintiff cites for that reading of the Rule 36(b) prejudice requirement was an unpublished decision of the Fourth Circuit Court of Appeals issued in 1991, *Metpath, Inc. v. Modern Med.*, 934 F.2d 319, at *1, *3 (4th Cir. 1991) (unpublished). (Defs. Reply at 4-5.) In his brief, Plaintiff failed to appropriately designate that opinion as unpublished, and therefore of limited precedential value under this Circuit's rules. (Opp'n Mem. Mot. Withdraw at 5.) *See* U.S. Court of Appeals for the Fourth Circuit, Local R. App. P. 32.1 (noting that such decisions are "disfavored" as precedential authority). Although Plaintiff is free to cite such an opinion and to explicitly argue for its relevance as precedent under the particular circumstances of this case, *see id.*, the parties' duty of candor to the Court requires that any such citation appropriately reflect the unpublished status of the case.

11

Re-opening discovery, although inconvenient and causing additional delay, can mitigate that prejudice considerably.

Defendants argue that re-opening discovery is unnecessary because Plaintiff has not identified specific discovery decisions that were affected by reliance on the admissions. (Defs. Reply at 3.) The Court declines to require Plaintiff to lay bare internal deliberations about past discovery strategy. Defendants' conduct deprived Plaintiff of the opportunity to make discovery decisions the first time around with the benefit of an accurate record of admissions. The Court will let Plaintiff decide whether additional discovery is necessary in light of this late change to the factual record. Accordingly, Plaintiff will be afforded the opportunity to complete additional discovery, including requests for production of documents, requests for admissions, up to six (6) additional interrogatories, and up to seven (7) additional hours of deposition time, by Friday, September 28, 2018. The opportunity to conduct additional discovery will not extend to Defendants.

In their motion, Defendants requested seven days from the Court's ruling to submit amended responses to the withdrawn admissions. (Mot. Withdraw at 8.) Given Defendants' repeated failures to timely raise this issue, the Court fails to see why they should be afforded an additional opportunity to re-work their responses now. Defendants already submitted responses to Plaintiff's requests, albeit two months late. (RFA Resp. at 3-4.) Accordingly, those existing responses to Request Nos. 13 and 15 shall be substituted for the withdrawn admissions.[2]

---

[2] For clarity, the Court recopies those responses in full here:

> [Request for Admission] 13. Admit that during the relevant time period, Mezcal did not maintain records of the hours worked by the individuals listed in Schedule A.
>
> **RESPONSE: Denied.** Defendants maintained accurate records of all hours worked by its' [sic] employees and produced those records to the DOL during the investigation.
>
> [...]

12

## C. *Plaintiff's Motion for Summary Judgment Is Denied Without Prejudice.*

As noted above, Plaintiff relied in part on the admissions hereby withdrawn in his motion for summary judgment. (Mem. Supp. Summ. J. at 5-6.) Accordingly, that summary judgment motion is denied without prejudice. Furthermore, in light of the extension of additional discovery opportunities, the Court will entertain any re-filed or modified summary judgment motion from Plaintiff filed by October 29, 2018, thirty days after the extended discovery deadline.[3] Defendants having not filed a dispositive motion by the original June 4, 2018, deadline will not now be permitted to a file a motion without leave of this Court.

## IV. *Conclusion*

For the foregoing reasons, an Order shall enter granting in part and denying in part Defendants' Motion to Withdraw or Amend Deemed Admissions. (ECF No. 39.) The motion will be granted with respect to the deemed admission of Request Nos. 13 and 15, which shall be withdrawn and replaced with the corresponding responses Defendants served on Plaintiff on December 6, 2017. (RFA Resp. at 3-4, Mot. Withdraw Ex. 1 to Ex. B, ECF No. 39-2 at 7.) The motion will be denied with respect to the deemed admission of all other requests, including Request Nos. 10 and 14.

In addition, an Order shall enter denying without prejudice Plaintiff's Motion for Summary Judgment. (ECF No. 43.) As outlined above, Plaintiff will have an additional opportunity to

---

> [Request for Admission] 15. Admit that [] during the relevant time period, you never distributed tip pool money to any of the employees listed on Schedule A.
>
> **RESPONSE: Denied.** Defendants used the tip pool money to pay those employees who were eligible to be included in the tip pool.

(RFA Resp. at 3-4, ECF No. 39-2 at 7-8.)

[3] The Court recognizes that Plaintiff expended resources crafting a summary judgment motion in reliance on the deemed admissions and that re-filing may require additional time and expense. Plaintiff suggests he might file a petition for costs associated with crafting his first motion if the Court grants Defendants' motion. (Opp'n Mem. Mot. Withdraw at 8, n.2.) The Court is willing to entertain a petition for costs associated with efforts to modify the summary judgment motion, but not for costs associated with the original filing.

13

supplement discovery and modify his motion, with deadlines of Friday, September 28, 2018 to complete discovery and Monday, October 29, 2018 to file any modified motion for summary judgment.

DATED this 30 day of August, 2018.

BY THE COURT:

*James K. Bredar*
James K. Bredar
Chief Judge